41100. CAMPBELL, Commissioner v. J. D. JEWELL, INC.

FRANKUM, Judge. Phil Campbell, in his official capacity as Commissioner of Agriculture of the State of Georgia, filed suit against J. D. Jewell, Inc. to recover $561.20 in inspection taxes allegedly due on 2,806 tons of poultry feed used by the defendant to feed poultry under agreements entered into by the defendant with property owners. According to the allegations of the petition as amended the agreements in question were lease agreements by which the defendant leased from the property owners chicken houses, drinkers, feeders, together with a sufficient amount of land adjoining such houses to enable the defendant as lessee to properly use the houses and equipment for the purpose of raising baby "chicks" to broiler stage. Under such agreements defendant furnished its own baby "chicks," all feed and medicine, and the lessor would feed and care for the "chicks" until they reached the marketable stage and would be paid a portion of the proceeds of the sale based on various formulae. The inspection tax was claimed to be due on the feed thus supplied by the defendant as lessee to lessors under the aforesaid agreements.

To the petition as amended the defendant filed a general demurrer and also three grounds of demurrer attacking the right of the plaintiff to recover the tax on the ground that the Act under which the recovery was sought was unconstitutional, in that, because of its vagueness, uncertainty, indefiniteness, and ambiguous language it would deprive defendant of its property without due process of law, and would deprive defendant of its right to equal protection under the law. The trial court, while expressly declining to invalidate the Act on constitutional grounds, passed an order sustaining the demurrer and dismissing the action on the ground that the provisions of the Act imposing the tax on feed stuffs furnished, supplied or used for the growing or feeding of the defendant's own poultry under contracts, leases, or agreements were too vague, indefinite and uncertain to be enforced because "the language of the proviso insofar as it refers to any 'person, firm or corporation' granted the exemption," is void for uncertainty, and the court declared "such proviso" null and void.

When the case first came to this court we conceived that the judgment, though expressly denying an intent to pass on constitutional questions raised, nevertheless, in fact and in truth, passed on and sustained the constitutional attacks made on the statute, and that, therefore, the exception presented a question for the Supreme Court. That court disagreed with our interpretation of the judgment of the trial court and returned the case to this court. See *Campbell v. J. D. Jewell, Inc.*, 220 Ga. 400 (139 SE2d 161). We have for consideration, therefore, only the question of whether or not the petition, as finally amended, stated a cause of action as against a general demurrer.

Prior to the 1956 amendment, *Code Ann.* § 42-205 imposed upon each manufacturer, manipulator, importer, jobber, agent, or seller of any concentrated commercial feeding stuffs an inspection tax of 20¢ per ton for each ton of such feeding stuffs sold, offered or exposed for sale; provided for the payment of such tax, and provided for the kinds of feed to be exempt therefrom. In 1956 the legislature amended *Code Ann.* § 42-205 by adding thereto three distinct provisos which, among other things, purported to extend the applicability of the terms of the Act to persons other than those selling, offering or exposing for sale such feeds stuffs. That amendment is as follows: (The numbers in brackets are added.) "[1]

Provided, further, that the provisions of this Chapter shall apply to all commercial feeding stuffs furnished, supplied or used for the growing or feeding under contract or agreement of livestock, domestic animals or poultry, and shall also apply to any feedings stuffs which are produced by the purchase of grain or other materials and the mixing of same with a concentrated commercial feeding stuff used as a base. . . [2] Provided further, that any person, firm or corporation producing or purchasing his or its own grain or other material and grinding or mixing same with a concentrated commercial feeding stuff as a supplement or base for the purpose of feeding his or its own livestock, domestic animals or poultry, shall not be subject to the inspection tax provided herein for mixtures of feeding stuff. [3] Provided, that such exemption shall not be applicable to feed furnished, supplied or used for the growing or feeding of livestock, domestic animals, or poultry under contract, lease or agreement." Ga. L. 1956, pp. 293, 295. In its order the trial court examined various rules of statutory construction as laid down by a number of cases and concluded therefrom that a statute in which the language employed is too vague, uncertain, and indefinite to be capable of being understood by reasonable men may be declared void by the courts without reference to its constitutionality. In the order the court adopted on page three of its opinion a usage and definition of terms respecting the three provisos constituting the amendment above quoted. With respect to the second proviso, which is in reality an exemption from taxation, the court adopted the term "exception," and with respect to the third proviso, which is really an exception to the exemption contained in the second proviso, the court adopted in its order the use of the term "proviso," and said the real controversy here is the validity of the "proviso" (meaning the third proviso) and its applicability to the "exception" (meaning the second proviso). Finally, at the conclusion of the order the court held: "Assuming (but not deciding) that the basic Act is constitutional, it is the judgment of this court that so much of the general demurrers as attack the language of the proviso as void for uncertainty be sustained and the language of the proviso insofar as it refers to any 'person, firm or corporation' granted the exemption, is hereby declared null and void."

However, a critical examination of the portion of the Code sec-

tion added by the 1956 amendment referred to in the order will show that the only place therein where the term "any person, firm or corporation" is utilized is in the second proviso or exemption. No such terminology is utilized in the third proviso or exception to the exemption. Thus, in reading the final paragraph of the court's order, which we have quoted above, it is not clear whether it was the court's purpose to declare the exception to the exemption void or to declare the exemption void. If it was the former, the order is ineffective to that end, because the exception does not contain the words which the order in terms declares are so uncertain as to avoid it. If the latter was the court's intention, then the result and effect of the order and judgment is to declare that there is no exemption from the first provision of the 1956 Act, which clearly imposes the tax upon all commercial feeding stuffs furnished, supplied or used for the growing or feeding, under contract or agreement, of livestock, domestic animals and poultry. This language is inclusive enough to impose a tax on poultry feed mixed by the defendant and fed to his or its own poultry.

Since the first proviso contained in the amendment was not invalidated by the order under review, and since it is sufficiently clear from the language of the amendment that it was the intention of the General Assembly to impose the tax sued for, the court erred in sustaining the general demurrer.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED FEBRUARY 25, 1965.

*Eugene Cook, Attorney General, George J. Hearn, III, Alfred L. Evans, Jr., Benjamin L. Johnson, Assistant Attorneys General, Melvin Thompson,* for plaintiff in error.

*Wheeler, Robinson & Thompson, B. Carl Buice,* contra.